FILED
2022 Mar-23  AM 10:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 1

ELECTRONICALLY FILED
11/18/2021 1:16 PM
68-CV-2021-900597.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | |
|---|---|
| KYLE LANEY, an individual, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Civil Action No.: |
| | ) |
| GODFREY ANTHONY MACIAS, an individual,) |
| and WOOD ENVIRONMENT & | ) |
| INFRASTRUCTURE SOLUTIONS, INC., | ) |
| a foreign corporation, and FICTITIOUS | ) |
| PARTIES A-Z, | ) |
| | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

**COMES NOW** the plaintiff, complaining of the defendants, and files this complaint, by and through his counsel.  The plaintiff avers as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction of the claims herein pursuant to Alabama Code § 12-11-30, as the amount in controversy, exclusive of interest and costs, exceeds twenty thousand dollars ($20,000.00).

2.  Venue herein is proper under Alabama Code § 6-3-2(3), as the act or omission complained of occurred in the Bessemer Division of Jefferson County, Alabama.

## FACTUAL BACKGROUND

3.  The plaintiff adopts and incorporates by reference all the allegations contained above as if fully set forth herein.

4.  Plaintiff Kyle Laney is an adult resident of the Bessemer Division of Jefferson County, Alabama.

5. Defendant Godfrey Anthony Macias (hereinafter "Macias") is an adult resident of Dallas County, Texas.

6. Defendant Wood Environment & Infrastructure Solutions, Inc. (hereinafter "Wood") is a foreign corporation conducting business in the Bessemer Division of Jefferson County, Alabama.

7. Fictitious Parties A through Z are those individuals or entities, otherwise unknown to the plaintiff at this time, or, if their names are known to the plaintiff at this time, their identity as proper party defendants are not known to the plaintiff as this time, but their true names will be substituted by amendment when ascertained, that caused or contributed to the plaintiff's injuries or damages in any way.

8. On or about the 30th day of July, 2021, at approximately 1:30 a.m., plaintiff was traveling southbound on Allison Bonnet Memorial Drive between Vann Street and Forest Road in Hueytown. Defendant Macias was also operating a motor vehicle, traveling northbound on Allison Bonnet Memorial Drive between Vann Street and Forest Road. This section of roadway lies within the Bessemer Division of Jefferson County, Alabama.

9. Defendant Macias was operating the vehicle as an agent, employee or assign of Wood.

10. Defendant Macias crossed the centerline, colliding head on with the vehicle driven by the plaintiff with significant force.

## COUNT 1
## NEGLIGENCE / WANTONNESS

11. The plaintiff adopts and incorporates by reference all the allegations contained above as if fully set forth herein.

12. Defendant Macias negligently or wantonly failed to keep a proper look out, failed to

maintain control of his vehicle and failed to anticipate the presence of others upon the roadway.

13.   As a proximate consequence of the negligence or wantonness of defendant Macias the plaintiff was injured and damaged in that he suffered a closed head injury, fractures, bruises and contusions on various and separate parts of his body, including, but not limited to, his head, right leg, knee and ankle and was caused to suffer great physical pain and anguish and has been otherwise permanently injured and damaged and caused to incur medical expenses, and will continue suffering in the future. Plaintiff further avers that her vehicle was damaged and made less valuable.

14.   Defendant Wood is vicariously liable to the plaintiff under the theory of respondent superior, as Defendant Macias was an agent, employee or assignee of defendant Wood, and Macias was operating the vehicle in the course and scope of his employment with Wood at the time of the collision.

15.   Plaintiff is entitled to punitive damages pursuant to Code of Alabama § 6-11-20.

*WHEREFORE,* plaintiff demands compensatory, exemplary and punitive damages, including, but not limited to, mental anguish, emotional distress, pain and suffering, reasonable and necessary medical expenses, permanent injury, future medical expenses, equitable remedies and costs of this action in an amount to be determined by a jury of plaintiff's peers.

*/s/ Derek B. Simms*
Derek B. Simms (SIM057)
Attorney for plaintiff

**TRIAL BY STRUCK JURY DEMANDED**

**<u>OF COUNSEL</u>:**
SIMMS & ASSOCIATES
608 37th Street South
Birmingham, Alabama  35222
(205) 453-9700


**<u>PLEASE SERVE DEFENDANTS</u>:**

**Godfrey Anthony Macias**
**10107 Mesita Drive**
**Dallas, Texas 75217**

**Wood Environment & Infrastructure Solutions, Inc.**
**c/o United Agent Group, Inc.. Registered Agent**
**4000 Eagle Point Corporate Drive**
**Birmingham, Alabama 35242**

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION**

| | |
|---|---|
| **KYLE LANEY, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Civil Action No.:** |
| | ) |
| **GODFREY ANTHONY MACIAS, an individual,** | ) |
| **and WOOD ENVIRONMENT &** | ) |
| **INFRASTRUCTURE SOLUTIONS, INC.,** | ) |
| **a foreign corporation, and FICTITIOUS** | ) |
| **PARTIES A-Z,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**SUMMONS**

To any sheriff or any person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure to effect service.

You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant:     **Godfrey Anthony Macias**
**10107 Mesita Drive**
**Dallas, Texas 75217**

**NOTICE TO DEFENDANT**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint, to Derek B. Simms, the  attorney for the plaintiff, whose address is: 608 37th Street South, Birmingham, Alabama 35222.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.  You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

_____
Clerk of Court

Dated_____

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BESSEMER DIVISION**

| | |
|---|---|
| **KYLE LANEY, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Civil Action No.:** |
| | ) |
| **GODFREY ANTHONY MACIAS, an individual,** | ) |
| **and WOOD ENVIRONMENT &** | ) |
| **INFRASTRUCTURE SOLUTIONS, INC.,** | ) |
| **a foreign corporation, and FICTITIOUS** | ) |
| **PARTIES A-Z,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## SUMMONS

To any sheriff or any person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure to effect service.

You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant: **Wood Environment & Infrastructure Solutions, Inc.**
**c/o United Agent Group, Inc., Registered Agent**
**4000 Eagle Point Corporate Drive**
**Birmingham, Alabama 35242**

## NOTICE TO DEFENDANT

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint, to Derek B. Simms, the  attorney for the plaintiff, whose address is: 608 37th Street South, Birmingham, Alabama 35222.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

_____
Clerk of Court

Dated_____

# Exhibit 2

DOCUMENT 6

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>68-CV-2021-900597.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### KYLE LANEY V. GODFREY ANTHONY MACIAS ET AL

**NOTICE TO:** WOOD ENVIRONMENT & INFRASTRUCTURE SOLUTIONS, INC., C/O UNITED AGENT GROUP 4000 EAGLE POINT CORP. DR, BIRMINGHAM, AL 35242

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DEREK B. SIMMS

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 608 37TH STREET SOUTH, BIRMINGHAM, AL 35222

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of KYLE LANEY pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 11/18/2021 | /s/ KAREN DUNN BURKS | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.  /s/ DEREK B. SIMMS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*   *(Name of County)*

Alabama on _____ .

*(Date)*

_____   _____   *(Address of Server)*
*(Type of Process Server)*   *(Server's Signature)*   _____

_____   _____
*(Server's Printed Name)*   *(Phone Number of Server)*

DOCUMENT 1

ELECTRONICALLY FILED
11/18/2021 1:16 PM
68-CV-2021-900597.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>68<br><br>Date of Filing:<br>11/18/2021 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### KYLE LANEY v. GODFREY ANTHONY MACIAS ET AL

**First Plaintiff:** ☐ Business  ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☐ Business ☑ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
SIM057    11/18/2021 1:16:09 PM    /s/ DEREK B. SIMMS
Date    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO

DOCUMENT 2

ELECTRONICALLY FILED
11/18/2021 1:16 PM
68-CV-2021-900597.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | |
|---|---|
| KYLE LANEY, an individual, )<br>)<br>    **Plaintiff,** )<br>)<br>**vs.** )<br>)<br>GODFREY ANTHONY MACIAS, an individual,)<br>and WOOD ENVIRONMENT & )<br>INFRASTRUCTURE SOLUTIONS, INC., )<br>a foreign corporation, and FICTITIOUS )<br>PARTIES A-Z, )<br>)<br>)<br>    **Defendants.** ) | **Civil Action No.:** |

## COMPLAINT

*COMES NOW* the plaintiff, complaining of the defendants, and files this complaint, by and through his counsel. The plaintiff avers as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of the claims herein pursuant to Alabama Code § 12-11-30, as the amount in controversy, exclusive of interest and costs, exceeds twenty thousand dollars ($20,000.00).

2. Venue herein is proper under Alabama Code § 6-3-2(3), as the act or omission complained of occurred in the Bessemer Division of Jefferson County, Alabama.

## FACTUAL BACKGROUND

3. The plaintiff adopts and incorporates by reference all the allegations contained above as if fully set forth herein.

4. Plaintiff Kyle Laney is an adult resident of the Bessemer Division of Jefferson County, Alabama.

5. Defendant Godfrey Anthony Macias (hereinafter "Macias") is an adult resident of Dallas County, Texas.

6. Defendant Wood Environment & Infrastructure Solutions, Inc. (hereinafter "Wood") is a foreign corporation conducting business in the Bessemer Division of Jefferson County, Alabama.

7. Fictitious Parties A through Z are those individuals or entities, otherwise unknown to the plaintiff at this time, or, if their names are known to the plaintiff at this time, their identity as proper party defendants are not known to the plaintiff as this time, but their true names will be substituted by amendment when ascertained, that caused or contributed to the plaintiff's injuries or damages in any way.

8. On or about the 30th day of July, 2021, at approximately 1:30 a.m., plaintiff was traveling southbound on Allison Bonnet Memorial Drive between Vann Street and Forest Road in Hueytown. Defendant Macias was also operating a motor vehicle, traveling northbound on Allison Bonnet Memorial Drive between Vann Street and Forest Road. This section of roadway lies within the Bessemer Division of Jefferson County, Alabama.

9. Defendant Macias was operating the vehicle as an agent, employee or assign of Wood.

10. Defendant Macias crossed the centerline, colliding head on with the vehicle driven by the plaintiff with significant force.

## COUNT 1
## NEGLIGENCE / WANTONNESS

11. The plaintiff adopts and incorporates by reference all the allegations contained above as if fully set forth herein.

12. Defendant Macias negligently or wantonly failed to keep a proper look out, failed to

maintain control of his vehicle and failed to anticipate the presence of others upon the roadway.

13. As a proximate consequence of the negligence or wantonness of defendant Macias the plaintiff was injured and damaged in that he suffered a closed head injury, fractures, bruises and contusions on various and separate parts of his body, including, but not limited to, his head, right leg, knee and ankle and was caused to suffer great physical pain and anguish and has been otherwise permanently injured and damaged and caused to incur medical expenses, and will continue suffering in the future. Plaintiff further avers that her vehicle was damaged and made less valuable.

14. Defendant Wood is vicariously liable to the plaintiff under the theory of respondent superior, as Defendant Macias was an agent, employee or assignee of defendant Wood, and Macias was operating the vehicle in the course and scope of his employment with Wood at the time of the collision.

15. Plaintiff is entitled to punitive damages pursuant to Code of Alabama § 6-11-20.

**WHEREFORE,** plaintiff demands compensatory, exemplary and punitive damages, including, but not limited to, mental anguish, emotional distress, pain and suffering, reasonable and necessary medical expenses, permanent injury, future medical expenses, equitable remedies and costs of this action in an amount to be determined by a jury of plaintiff's peers.

/s/ Derek B. Simms
Derek B. Simms (SIM057)
Attorney for plaintiff

## TRIAL BY STRUCK JURY DEMANDED

**OF COUNSEL**:
SIMMS & ASSOCIATES
608 37th Street South
Birmingham, Alabama  35222
(205) 453-9700


**PLEASE SERVE DEFENDANTS**:

**Godfrey Anthony Macias**
**10107 Mesita Drive**
**Dallas, Texas 75217**

**Wood Environment & Infrastructure Solutions, Inc.**
**c/o United Agent Group, Inc.. Registered Agent**
**4000 Eagle Point Corporate Drive**
**Birmingham, Alabama 35242**

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BESSEMER DIVISION

| | |
|---|---|
| **KYLE LANEY, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Civil Action No.:** |
| | ) |
| **GODFREY ANTHONY MACIAS, an individual,** | ) |
| **and WOOD ENVIRONMENT &** | ) |
| **INFRASTRUCTURE SOLUTIONS, INC.,** | ) |
| **a foreign corporation, and FICTITIOUS** | ) |
| **PARTIES A-Z,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

### SUMMONS

To any sheriff or any person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure to effect service.

You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant:     **Wood Environment & Infrastructure Solutions, Inc.**
**c/o United Agent Group, Inc., Registered Agent**
**4000 Eagle Point Corporate Drive**
**Birmingham, Alabama 35242**

### NOTICE TO DEFENDANT

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint, to Derek B. Simms, the attorney for the plaintiff, whose address is: 608 37th Street South, Birmingham, Alabama 35222.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

_____
Clerk of Court

Dated_____

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse
so that we can return the card to you.

■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Wood Environment and
Infrastructure Solutions
Countea Agent Group
4000 Eagle Point Corp Dr

9590 9402 5836 0038 5956 22

2. Article Number

7020 2450 0000 1900 0297

**SENDER: COMPLETE THIS SECTION**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                   ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
   Laura Ellison                  11-242

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

CV 2L-900S9N
S+C

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

BIRMINGHAM AL 350
04 NOV 2021 PM 5 L

9590 9402 5836 0038 5956 22

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

OFFICE OF THE CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA
P.O. BOX 1310
BESSEMER, ALABAMA 35021-1310

FILED IN OFFICE

NOV 29 2021

CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA

# Exhibit 3

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>68-CV-2021-900597.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### KYLE LANEY V. GODFREY ANTHONY MACIAS ET AL

**NOTICE TO:** GODFREY ANTHONY MACIAS, 10107 MESITA DRIVE, DALLAS, TX 75217

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DEREK B. SIMMS

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 608 37TH STREET SOUTH, BIRMINGHAM, AL 35222

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of KYLE LANEY pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 11/18/2021 | /s/ KAREN DUNN BURKS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ DEREK B. SIMMS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*      *(Name of County)*

Alabama on _____ .

*(Date)*

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

ELECTRONICALLY FILED
11/18/2021 1:16 PM
68-CV-2021-900597.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>68<br>Date of Filing:<br>11/18/2021 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### KYLE LANEY v. GODFREY ANTHONY MACIAS ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL  - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**

- ☐ TOPE  - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN  - Abandoned Automobile
- ☐ ACCT  - Account & Nonmortgage
- ☐ APAA  - Administrative Agency Appeal
- ☐ ADPA  - Administrative Procedure Act
- ☐ ANPS  - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX  - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>   Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT  - Civil Rights
- ☐ COND  - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP  - Contempt of Court
- ☐ CONT  - Contract/Ejectment/Writ of Seizure
- ☐ TOCN  - Conversion
- ☐ EQND  - Equity Non-Damages Actions/Declaratory Judgment/<br>   Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD  - Eviction Appeal/Unlawful Detainer
- ☐ FORJ  - Foreign Judgment
- ☐ FORF  - Fruits of Crime Forfeiture
- ☐ MSHC  - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB  - Protection From Abuse
- ☐ EPFA  - Elder Protection From Abuse
- ☐ QTLB  - Quiet Title Land Bank
- ☐ FELA  - Railroad/Seaman (FELA)
- ☐ RPRO  - Real Property
- ☐ WTEG  - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP  - Workers' Compensation
- ☐ CVXX  - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING          A ☐ APPEAL FROM<br>DISTRICT COURT          O ☐ OTHER

R ☐ REMANDED          T ☐ TRANSFERRED FROM<br>OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| SIM057 | 11/18/2021 1:16:09 PM<br>Date | /s/ DEREK B. SIMMS<br>Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**   ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☐ NO

DOCUMENT 2



ELECTRONICALLY FILED
11/18/2021 1:16 PM
68-CV-2021-900597.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BESSEMER DIVISION

| | |
|---|---|
| **KYLE LANEY, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Civil Action No.:** |
| ) | |
| **GODFREY ANTHONY MACIAS, an individual,**) | |
| **and WOOD ENVIRONMENT &** ) | |
| **INFRASTRUCTURE SOLUTIONS, INC.,** ) | |
| **a foreign corporation, and FICTITIOUS** ) | |
| **PARTIES A-Z,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

*COMES NOW* the plaintiff, complaining of the defendants, and files this complaint, by and through his counsel. The plaintiff avers as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of the claims herein pursuant to Alabama Code § 12-11-30, as the amount in controversy, exclusive of interest and costs, exceeds twenty thousand dollars ($20,000.00).

2. Venue herein is proper under Alabama Code § 6-3-2(3), as the act or omission complained of occurred in the Bessemer Division of Jefferson County, Alabama.

### FACTUAL BACKGROUND

3. The plaintiff adopts and incorporates by reference all the allegations contained above as if fully set forth herein.

4. Plaintiff Kyle Laney is an adult resident of the Bessemer Division of Jefferson County, Alabama.

5. Defendant Godfrey Anthony Macias (hereinafter "Macias") is an adult resident of Dallas County, Texas.

6. Defendant Wood Environment & Infrastructure Solutions, Inc. (hereinafter "Wood") is a foreign corporation conducting business in the Bessemer Division of Jefferson County, Alabama.

7. Fictitious Parties A through Z are those individuals or entities, otherwise unknown to the plaintiff at this time, or, if their names are known to the plaintiff at this time, their identity as proper party defendants are not known to the plaintiff as this time, but their true names will be substituted by amendment when ascertained, that caused or contributed to the plaintiff's injuries or damages in any way.

8. On or about the 30th day of July, 2021, at approximately 1:30 a.m., plaintiff was traveling southbound on Allison Bonnet Memorial Drive between Vann Street and Forest Road in Hueytown. Defendant Macias was also operating a motor vehicle, traveling northbound on Allison Bonnet Memorial Drive between Vann Street and Forest Road. This section of roadway lies within the Bessemer Division of Jefferson County, Alabama.

9. Defendant Macias was operating the vehicle as an agent, employee or assign of Wood.

10. Defendant Macias crossed the centerline, colliding head on with the vehicle driven by the plaintiff with significant force.

## COUNT 1
## NEGLIGENCE / WANTONNESS

11. The plaintiff adopts and incorporates by reference all the allegations contained above as if fully set forth herein.

12. Defendant Macias negligently or wantonly failed to keep a proper look out, failed to

maintain control of his vehicle and failed to anticipate the presence of others upon the roadway.

13.  As a proximate consequence of the negligence or wantonness of defendant Macias the plaintiff was injured and damaged in that he suffered a closed head injury, fractures, bruises and contusions on various and separate parts of his body, including, but not limited to, his head, right leg, knee and ankle and was caused to suffer great physical pain and anguish and has been otherwise permanently injured and damaged and caused to incur medical expenses, and will continue suffering in the future. Plaintiff further avers that her vehicle was damaged and made less valuable.

14.  Defendant Wood is vicariously liable to the plaintiff under the theory of respondent superior, as Defendant Macias was an agent, employee or assignee of defendant Wood, and Macias was operating the vehicle in the course and scope of his employment with Wood at the time of the collision.

15.  Plaintiff is entitled to punitive damages pursuant to Code of Alabama § 6-11-20.

*WHEREFORE,* plaintiff demands compensatory, exemplary and punitive damages, including, but not limited to, mental anguish, emotional distress, pain and suffering, reasonable and necessary medical expenses, permanent injury, future medical expenses, equitable remedies and costs of this action in an amount to be determined by a jury of plaintiff's peers.

*/s/ Derek B. Simms*
Derek B. Simms (SIM057)
Attorney for plaintiff

**TRIAL BY STRUCK JURY DEMANDED**

**OF COUNSEL:**
SIMMS & ASSOCIATES
608 37th Street South
Birmingham, Alabama  35222
(205) 453-9700


**PLEASE SERVE DEFENDANTS:**

**Godfrey Anthony Macias**
**10107 Mesita Drive**
**Dallas, Texas 75217**

**Wood Environment & Infrastructure Solutions, Inc.**
**c/o United Agent Group, Inc.. Registered Agent**
**4000 Eagle Point Corporate Drive**
**Birmingham, Alabama 35242**

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

KYLE LANEY, an individual,         )

                                         )

      Plaintiff,             )

                                         )

vs.                                   )   **Civil Action No.:**

                                         )

**GODFREY ANTHONY MACIAS, an individual,**)
**and WOOD ENVIRONMENT &**          )
**INFRASTRUCTURE SOLUTIONS, INC.,**   )
**a foreign corporation, and FICTITIOUS**   )
**PARTIES A-Z,**                        )

                                         )

                                         )

      Defendants.           )

### SUMMONS

      To any sheriff or any person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure to effect service.

      You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant:    **Godfrey Anthony Macias**
                                   **10107 Mesita Drive**
                                   **Dallas, Texas 75217**

### NOTICE TO DEFENDANT

      The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint, to Derek B. Simms, the attorney for the plaintiff, whose address is: 608 37th Street South, Birmingham, Alabama 35222.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

                                               _____

                                             Clerk of Court

Dated_____



ELECTRONICALLY FILED
11/18/2021 1:16 PM
68-CV-2021-900597.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | |
|---|---|
| **KYLE LANEY, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Civil Action No.:** |
| | ) |
| **GODFREY ANTHONY MACIAS, an individual,** | ) |
| **and WOOD ENVIRONMENT &** | ) |
| **INFRASTRUCTURE SOLUTIONS, INC.,** | ) |
| **a foreign corporation, and FICTITIOUS** | ) |
| **PARTIES A-Z,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT
## GODFREY ANTHONY MACIAS

**COMES NOW** plaintiff Kyle Laney, by and through his attorney, and propounds the following interrogatories to be answered by defendant Godfrey Anthony Macias (hereinafter "Macias").

1. Please state your name, age, residence address, date of birth and social security number.

2. Please state the name and address of each person occupying the vehicle you were driving at the time of the accident made the basis of this lawsuit stating specifically how and in what manner each said person was located in or on your vehicle at said time.

3. Please describe fully the trip you were making at the time of the accident made the basis of this lawsuit, including a description of the departure point and the destination and the purpose of said trip.

4. Please describe with as much detail as possible how the accident made the basis of this lawsuit occurred.

5.      Have you or anyone on your behalf made any statements to the plaintiff to this lawsuit or engaged in any conversations with said plaintiff? If so, please describe each of said statements or conversations in detail.

6.      Please state the name, address and telephone number of each person known to you to have witnessed the incident made the basis of this lawsuit and/or any person who has or may have knowledge concerning the issues involved in this lawsuit or any portion thereof. For each person you identify, please describe the knowledge you believe each such person possesses.

7.      Please state the name of the registered owner of the vehicle you were driving at the time of the accident and your relationship to said owner, if any.

8.      If you have worn any vision correction devices of any type, including, but not limited to, glasses and contact lenses, at any point during the past five (5) years, for each such device, please state:

> a.      the type of said device;
>
> b.      when you started wearing said device and, if applicable, when you stopped wearing said device;
>
> c.      whether you were wearing said device at the time of the accident that is the basis of this lawsuit;
>
> d.      the name and address of the optometrist who prescribed said device; and
>
> e.      the date of your last eye exam with said optometrist.

9.      Did you have any wireless communication devices of any type, including, but not limited to, wireless telephones or walkie talkies, with you at the time of the accident made the basis of this lawsuit? If so, for each such device, please state:

> a.      the type of said device;

b.      whether you were operating or using said device, which includes, but is not limited to, talking into said device, listening to transmissions from said device, and pressing buttons on said device, at the time of said incident;

c.      if applicable, the name of your wireless service provider for said device at the time of said incident; and

d.      if applicable, your wireless telephone number and account number for said device at the time of said incident.

10.     Please identify each and every crime of which you have been convicted during the past ten (10) years, including the name of the court in which the case was pending and date you were convicted.

11.     Did any medications, drugs or alcohol enter your body through any means, including, but not limited to, digestively and intravenously, within forty-eight (48) hours prior to the incident made the basis of this lawsuit? If so, for each such substance that entered your body, please state:

a.      the name of said substance;

b.      if said substance is a medication or drug, whether or not you had a prescription for said substance at the time of said incident and, if so, who prescribed to you said substance.

c.      if said substance is alcohol, each type of alcoholic beverage consumed, the amount of each of said types of beverages you consumed and when you consumed each said beverage in relation to said incident.

12.     Have you ever been committed to any public or private institutions for the purpose of treatment or observation of mental conditions, alcoholism, narcotic addiction(s) or

any other classification of disorders/conditions?  If so, for each such institution, please state:

        a.    the name and address of said institution;

        b.    the date(s) of admission(s) and discharge(s);

        c.    the reason for your admission into said institution; and

        d.    the name and address of any physician who treated you during your
               commitment(s) to said institution.

13.    State the name and address of any person or party that served, sold, furnished or provided you with alcohol or alcoholic beverages within twenty-four (24) hours prior to the accident made the basis of this suit.

14.    State whether you have been involved in any traffic accidents or received any traffic citations within the past ten (10) years.  If your answer is in the affirmative, for each such accident and citation, please state:

        a.    the date of said accident or citation;

        b.    if applicable, any offenses of which you were charged; and

        c.    if applicable, any offenses of which you were convicted and the fine or
               penalty levied for each said offense.

15.    Did you suffer any property damage or bodily injury in the incident that forms the basis of this lawsuit?  If so, please describe in detail the extent of said damages and/or injuries.

16.    Give the name and address of each person from whom you, or anyone on your behalf, has obtained a statement, either oral or in writing, concerning the facts surrounding the incident that forms the basis of this suit.

17.    Please state whether you expect to call any expert witnesses at the trial of this case and, if so, for each such witness, please state:

a)     the name and address of said witness;

b)     the education, experience and qualifications of said witness;

c)     the subject matter upon which you expect said witness to testify;

d)     the substance of the facts and opinions to which you expect said witness to testify; and

e)     a summary of the grounds for each of said opinions.

18.     Please state the name and address of each person you expect to call as a witness at the trial of this case.

19.     Please state whether it is your contention that plaintiff caused or contributed to the incident that forms the basis of this lawsuit and, if so, please describe in detail said contention.

20.     If you are aware of any statements made by the plaintiff or anyone on her behalf that you allege constitute an admission in regards to any aspect of this suit, for each such statement, please state:

a.     who made said statement;

b.     the substance of said statement;

c.     how you became aware of said statement;

d.     if said statement was oral, the name and address of each person you believe was able to hear said statement or was in reasonable earshot thereof and where said statement was made.

21.     Have you ever filed for protection under Chapter 7 or Chapter 11 of the *Bankruptcy Code*? If so, please provide the style of the case, including case number and the jurisdiction of the court.

22.     Please describe the condition of the tires on the vehicle you were driving at the

time of the accident with specific respect to the depth of the tread.

23.    Have you ever been licensed to drive in Alabama? If so, was your driver's license

in force on the date of the accident?  If not, state the reason your license was not in force?

25.    Do you understand that your answers to these interrogatories are given under oath

and may be used against you at the trial of this cause?

> */s/ Derek B. Simms*
> Derek B. Simms (SIM057)
> Attorney for plaintiff

**OF COUNSEL:**
Simms & Associates
608 37th Street South
Birmingham, Alabama 35222
(205) 453-9700

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is to be served upon the defendants along
with a copy of the Summons and Complaint.

> */s/ Derek B. Simms*
> Derek B. Simms

DOCUMENT 4



ELECTRONICALLY FILED
11/18/2021 1:16 PM
68-CV-2021-900597.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | |
|---|---|
| KYLE LANEY, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: |
| | ) |
| GODFREY ANTHONY MACIAS, an individual,) | |
| and WOOD ENVIRONMENT & | ) |
| INFRASTRUCTURE SOLUTIONS, INC., | ) |
| a foreign corporation, and FICTITIOUS | ) |
| PARTIES A-Z, | ) |
| | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
### TO DEFENDANT GODFREY ANTHONY MACIAS

*COMES NOW* plaintiff Kyle Laney, by and through her attorney, and propounds the following Request for Production to Defendant Godfrey Anthony Macias (hereinafter "Macias"):

1. Please produce all documents evidencing claims and defenses made on your behalf by any of your representatives.

2. Please produce any and all statements, affidavits, recordings of the plaintiff, defendant and or any witnesses that pertain to the accident which occurred between the plaintiff and defendant.

3. Please produce true and exact copies of any and all insurance policies that provide coverage for the accident that forms the basis of this litigation.

4. Please produce true and exact color copies of any photographs depicting the accident scene.

5. Please produce true and exact copies of any photographs of the vehicle driven by you depicting damage resulting from the accident which forms the basis of this litigation.

6. Please produce true and exact copies of any photographs of plaintiff's vehicle depicting damage resulting from the accident which forms the basis of this litigation.

7. Please produce any repair estimates for damages sustained to the vehicle driven by you in the accident that forms the basis of this litigation.

8. Please produce any repair estimates for damages to plaintiff's vehicle sustained in the accident that forms the basis of this litigation.

9. Please produce any and all documents which you have received from plaintiff in connection with this matter, or defendant has sent to plaintiff in this matter.

10. Please produce all accident, incident or investigation reports prepared regarding the matter described in plaintiff's complaint.

11. Please produce copies of any and all expert reports whether or not intended for use at trial.

12. Please produce a copy of all documents which in any way relate to your interrogatory answers or which otherwise reflect the information provided therein.

13. Please produce all documents, photographs, video tapes or other items or materials the defendant intends to introduce as an exhibit at the trial of this case.

14. Please produce a copy of all books, treatises, codes, articles, medical texts or any other writing by whatever means identified, you intend to use at the trial of this case in support of your contentions that this defendant was not negligent or that any expert you intend to call as a witness relied upon in forming any opinion in this cause.

DOCUMENT 4

15. Please produce copies of your cellular phone records from one month before until one month after the accident that forms the basis of this litigation.

16. Please produce a color copy of the front and back of your driver's license.

/s/ Derek B. Simms
Derek B. Simms (SIM057)
Attorney for plaintiff

**OF COUNSEL:**
Simms & Associates
608 37th Street South
Birmingham, Alabama 35222
(205) 453-9700

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is to be served upon the defendants along with a copy of the Summons and Complaint.

/s/ Derek B. Simms
Derek B. Simms

DOCUMENT 18

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Anthony Macias Godfrey
10107 Mesita Dr
Dallas, TX 75217

9590 9402 5836 0038 5956 46

2. Article Number (Transfer from service label)

7020 2450 0000 1400 0280

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery

1-30-2_

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below:   ☐ No

QV21-900 S97
St

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053       Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 5836 0038 5956 46

● Sender: Please print your name, address, and ZIP+4® in this box●

OFFICE OF THE CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA
P.O. BOX 1310
BESSEMER, ALABAMA 35021-1310

JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION
CIRCUIT CLERK

DEC 30 2021

FILED IN OFF



United States
Postal Service

Exhibit 4

ELECTRONICALLY FILED
12/22/2021 2:29 PM
68-CV-2021-900597.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | | |
|---|---|---|
| **Kyle Laney,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 68-CV-2021-900597 |
| **Godfrey Anthony Macias, and Wood** | § | |
| **Environment & Infrastructure** | § | |
| **Solutions, Inc., and Fictitious Parties** | § | |
| **A-Z,** | § | |
| | § | |
| Defendants | § | |

---

### Answer of Defendant Godfrey Anthony Macias

---

Defendant Godfrey Anthony Macias ("Defendant" or "Macias") answers Plaintiff's Complaint and asserts defenses as follows, reserving the right to amend this Answer as may become necessary:

### Responses to Numbered Paragraphs of Plaintiff's Complaint

1. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph.

2. Admitted.

3. Defendant adopts and incorporates here all foregoing defenses and responses.

4. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph.

5. Admitted.

6.      Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph.

7.      Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph.

8.      Admitted.

9.      The allegations in this paragraph contain legal conclusions to which no response is required from this Defendant.

10.      Defendant admits that the vehicle he was operating and the vehicle driven by Plaintiff collided. Defendant denies the remaining allegations of this paragraph and demands strict proof thereof.

11.      Defendant adopts and incorporates here all foregoing defenses and responses.

12.       Denied.

13.      Denied.

14.      Denied.

15.      Denied.

To the extent any allegation of the Complaint is not responded to above, it is hereby denied in its entirety and strict proof is demanded thereof.

**Defenses**

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.      Defendant denies he failed to exercise reasonable care or breached any duty owed to Plaintiff.

3.      Plaintiff was contributorily negligent in his failure to exercise reasonable care in the operation of his vehicle.

4.      Defendant is not liable for Plaintiff's alleged damages under the doctrines of sudden emergency and last clear chance.

5.      Defendant asserts the defense of a medical emergency or condition not reasonably foreseeable to him.

6.      Defendant's actions were not the actual or proximate cause of Plaintiff's damages.

7.      Plaintiff's damages, if any, were proximately and actually caused by a superseding or intervening cause not reasonably foreseeable to this Defendant.

8.      Some or all of the claims against Defendant or some or all of the relief requested are barred because, even if Defendant were found to have taken any actions affecting Plaintiff, such actions were not malicious, egregious, in bad faith, or in willful or reckless indifference or conscious disregard of any legal rights of Plaintiff.

9.      To the extent Plaintiff has received compensation for his alleged damages, Defendant is entitled to a set-off for such amount of compensation.

10.      To the extent that any special damages are sought, Plaintiff failed to plead entitlement to special damages with the requisite specificity, including punitive damages.

11.     Defendant asserts that any award of punitive damages against him would violate his state and federal constitutional rights to due process and equal protection.

12.     Defendant asserts that Plaintiff must prove wantonness and entitlement to punitive damages by clear and convincing evidence under Alabama Code § 6-11-20.

13.     Defendant asserts that any award of punitive damages against him would violate his rights to the protections afforded criminal defendants because a punitive-damages award would constitute a criminal penalty against this Defendant in a civil matter.

14.     Defendant asserts that any award of punitive damages against him in this case would constitute an excessive fine or penalty under the U.S. Constitution.

15.     Defendant pleads all applicable Alabama statutory caps on the amount of any award of punitive damages against it in this case, including Alabama Code § 6-11-21.

Defendant reserves the right to assert additional defenses as they become available or apparent.

Respectfully submitted,

/s/ Robert F. Dyar
Aaron G. McLeod (MCL053)
Robert F. Dyar (DYA002)
*Counsel for Defendant Godfrey Anthony Macias*

**OF COUNSEL:**
ADAMS AND REESE LLP
1901 Sixth Avenue North, Suite 3000
Birmingham, AL 35203
Telephone: (205) 250-5000
aaron.mcleod@arlaw.com
robert.dyar@arlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have, on this the 22nd day of December 2021, electronically filed the foregoing by using the AlaFile system, which will automatically notify the following attorneys of record:

Derek B. Simms
SIMMS & ASSOCIATES
608 37th Street South
Birmingham, Alabama 35222
*Counsel for Plaintiff*

/s/ Robert F. Dyar
OF COUNSEL

ELECTRONICALLY FILED
12/22/2021 2:32 PM
68-CV-2021-900597.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | | |
|---|---|---|
| **Kyle Laney,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 68-CV-2021-900597 |
| **Godfrey Anthony Macias, and Wood** | § | |
| **Environment & Infrastructure** | § | |
| **Solutions, Inc., and Fictitious Parties** | § | |
| **A-Z,** | § | |
| | § | |
| Defendants | § | |

---

### Answer of Defendant Wood Environment & Infrastructure Solutions, Inc.

---

Defendant Wood Environment & Infrastructure Solutions, Inc. ("Defendant" or "Wood") answers Plaintiff's Complaint and asserts defenses as follows, reserving the right to amend this Answer as may become necessary:

### Responses to Numbered Paragraphs of Plaintiff's Complaint

1.	Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph.

2.	Admitted.

3.	Defendant adopts and incorporates here all foregoing defenses and responses.

4.	Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph.

5.	Admitted.

6.      Defendants states it is a foreign corporation formed in the State of Nevada with its principal place of business in Kennesaw, Georgia and is registered to do business in the State of Alabama.

7.      Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph.

8.      Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph.

9.      The allegations in this paragraph contain legal conclusions to which no response is required from this Defendant.

10.     Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph.

11.     Defendant adopts and incorporates here all foregoing defenses and responses.

12.      Denied.

13.     Denied.

14.     Denied.

15.     Denied.

To the extent any allegation of the Complaint is not responded to above, it is hereby denied in its entirety and strict proof is demanded thereof.

**Defenses**

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff was contributorily negligent in his failure to exercise reasonable care in the operation of his vehicle.

3.      Defendant is not liable for Plaintiff's alleged damages under the doctrines of sudden emergency and last clear chance.

4.      Defendant's actions were not the actual or proximate cause of Plaintiff's damages.

5.      Plaintiff's damages, if any, were proximately and actually caused by a superseding or intervening cause not reasonably foreseeable to this Defendant.

6.      Defendant asserts the defense of medical emergency or condition that was not reasonably foreseeable.

7.      Some or all of the claims against Defendant or some or all of the relief requested are barred because, even if Defendant were found to have taken any actions affecting Plaintiff, such actions were not malicious, egregious, in bad faith, or in willful or reckless indifference or conscious disregard of any legal rights of Plaintiff.

8.      Defendant asserts that it is not vicariously liable for any act or omission by Co-Defendant Macias to the extent any such act or omission was outside the line and scope of his employment with Defendant.

9.      To the extent Plaintiff has received compensation for his alleged damages, Defendant is entitled to a set-off for such amount of compensation.

10.     To the extent that any special damages are sought, Plaintiff failed to plead entitlement to special damages with the requisite specificity, including punitive damages.

11.     Defendant asserts that any award of punitive damages against it would violate its state and federal constitutional rights to due process and equal protection.

12.     Defendant asserts that Plaintiff must prove wantonness and entitlement to punitive damages by clear and convincing evidence under Alabama Code § 6-11-20.

13.     Defendant asserts that any award of punitive damages against it would violate his rights to the protections afforded criminal defendants because a punitive-damages award would constitute a criminal penalty against this Defendant in a civil matter.

14.     Defendant asserts that any award of punitive damages against it in this case would constitute an excessive fine or penalty under the U.S. Constitution.

15.     Defendant pleads all applicable Alabama statutory caps on the amount of any award of punitive damages against it in this case, including Alabama Code § 6-11-21.

16.     Defendant denies that any act or omission of its employee constituted a failure to exercise reasonable care and denies that it or its employee breached any duty owed to Plaintiff.

Defendant reserves the right to assert additional defenses as they become available or apparent.

Respectfully submitted,

*/s/ Robert F. Dyar*
Aaron G. McLeod (MCL053)
Robert F. Dyar (DYA002)
*Counsel for Defendant Wood Environment &*
*Infrastructure Solutions, Inc.*

**OF COUNSEL:**
ADAMS AND REESE LLP
1901 Sixth Avenue North, Suite 3000
Birmingham, AL  35203
Telephone:  (205) 250-5000
aaron.mcleod@arlaw.com
robert.dyar@arlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this the 22nd day of December 2021, electronically filed the foregoing by using the AlaFile system, which will automatically notify the following attorneys of record:

Derek B. Simms
SIMMS & ASSOCIATES
608 37th Street South
Birmingham, Alabama 35222
*Counsel for Plaintiff*

*/s/ Robert F. Dyar*
OF COUNSEL

ELECTRONICALLY FILED
3/9/2022 12:55 PM
68-CV-2021-900597.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BESSEMER DIVISION**

| | |
|---|---|
| LANEY KYLE, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:    CV-2021-900597.00 |
| | ) |
| MACIAS GODFREY ANTHONY, | ) |
| WOOD ENVIRONMENT & | ) |
| INFRASTRUCTURE SOLUTIONS, INC., | ) |
| Defendants. | ) |

**HIPAA ORER**

Upon compliance with Alabama law, the attorneys for the parties and pro se parties to this lawsuit are permitted to obtain all health information relating to any Individual who is a party to this lawsuit, or of any decedent or other real party in interest, and to inspect and copy all information relative to medical care to any such Individual. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

**This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena.  This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purpose of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information

with any other person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation or proceeding.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that  Protected Health Information which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

**DONE this 9th day of March, 2022.**

**/s/ DAVID J HOBDY**

**CIRCUIT JUDGE**

Exhibit 5

## ALABAMA SJIS CASE DETAIL

**PREPARED FOR: ROBERT DYAR**



County: **68**    Case Number: **CV-2021-900597.00**    Court Action:
Style: **KYLE LANEY V. GODFREY ANTHONY MACIAS ET AL**



Real Time

### Images

| Date: | Doc# | Title | Description | Pages |
|-------|------|-------|-------------|-------|
| 11/18/2021 1:16:18 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 11/18/2021 1:16:19 PM | 2 | COMPLAINT | | 6 |
| 11/18/2021 1:16:19 PM | 3 | INTERROGATORIES(R33) | Plaintiff's Interrogatories to Godfrey Macias | 6 |
| 11/18/2021 1:16:19 PM | 4 | REQUEST FOR PRODUCTION(R34) | Plaintiff's Request for Prodcution of Documents to Godfrey Macias | 3 |
| 11/18/2021 1:17:31 PM | 5 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTAL | 3 |
| 11/18/2021 1:17:31 PM | 6 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 2 |
| 11/23/2021 2:14:51 PM | 7 | RECEIPT | CMAIL RECEIPT | 1 |
| 12/9/2021 11:29:26 AM | 8 | SERVICE RETURN | SERVICE RETURN | 2 |
| 12/9/2021 11:29:34 AM | 9 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |
| 12/22/2021 2:29:50 PM | 10 | ANSWER | Answer of Defendant Godfrey Anthony Macias | 5 |
| 12/22/2021 2:29:54 PM | 11 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 4 |
| 12/22/2021 2:32:50 PM | 12 | ANSWER | Answer of Defendant Wood Environment & Infrastructure Solutions, Inc. | 5 |
| 12/22/2021 2:32:53 PM | 13 | ANSWER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 4 |
| 12/22/2021 2:36:08 PM | 14 | NOTICE OF DISCOVERY | Notice of Discovery | 5 |
| 12/22/2021 2:36:14 PM | 15 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 1/18/2022 9:20:27 AM | 16 | SERVICE RETURN | SERVICE RETURN | 2 |
| 1/18/2022 9:22:21 AM | 17 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |
| 2/10/2022 1:22:14 PM | 18 | NOTICE OF DISCOVERY | Notice of Discovery | 2 |
| 2/10/2022 1:22:19 PM | 19 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 2/24/2022 8:00:56 AM | 20 | NOTICE OF DISCOVERY | Plaintiff's Response to Wood Environment RFA | 2 |
| 2/24/2022 8:00:56 AM | 21 | SUPPORTING DOCUMENT | Plaintiff's Response to Wood Environment RFA | 3 |
| 2/24/2022 8:00:58 AM | 22 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 3/7/2022 10:30:41 AM | 23 | NOTICE OF DISCOVERY | Notice of Discovery | 2 |
| 3/7/2022 10:30:41 AM | 24 | SUPPORTING DOCUMENT | Notice of Intent to Serve Subpoena on Non-Party | 4 |
| 3/7/2022 10:30:41 AM | 25 | SUPPORTING DOCUMENT | Notice of Intent to Serve Subpoena on Non-Party | 4 |
| 3/7/2022 10:30:44 AM | 26 | DISCOVERY - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 3/9/2022 12:29:35 PM | 27 | MOTION_COVER_SHEET | Motion Cover Sheet | 1 |
| 3/9/2022 12:29:35 PM | 28 | MOTION | Motion for Hipaa Order in a Civil Action | 2 |
| 3/9/2022 12:29:35 PM | 29 | PROPOSED ORDER | HIPAA ORER | 2 |
| 3/9/2022 12:29:38 PM | 30 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 3/9/2022 12:55:16 PM | 31 | HIPAA ORER | HIPAA ORER | 2 |
| 3/9/2022 12:55:21 PM | 32 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |

 **END OF THE REPORT**

Exhibit 6

ELECTRONICALLY FILED
2/24/2022 8:00 AM
68-CV-2021-900597.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BESSEMER DIVISION**

| | |
|---|---|
| KYLE LANEY, an individual, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) Civil Action No.:   **CV-21-900597** |
| | ) |
| GODFREY ANTHONY MACIAS, an individual,) |
| and WOOD ENVIRONMENT & | ) |
| INFRASTRUCTURE SOLUTIONS, INC., | ) |
| a foreign corporation, and FICTITIOUS | ) |
| PARTIES A-Z, | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT WOOD ENVIRONMENT &**
**INFRASTRUCTURE SOLUTIONS, INC.'S FIRST REQUEST FOR ADMISSIONS**

*COMES NOW*, the plaintiff, by and through his attorney, and responds to defendant

Wood Environment Infrastructure Solutions, Inc.'s, First Request for Admissions, as follows:

1. Admit that your total medical bills exceed $75,000.

**RESPONSE:  Admitted.**

2. Admit that you seek more than $75,000 in total damages in this action, exclusive of

interest and court costs.

**RESPONSE:  Plaintiff's Complaint does not state a specific amount sought, so this request**

**is denied.**

3. Admit that you contend more than $75,000 is in controversy in this action, exclusive of

interest and court costs.

**RESPONSE:  Plaintiff objects as the request is vague and ambiguous.**

    4. Admit that you believe your case is worth more than $75,000.

**RESPONSE:  Admitted.**

    5. Admit that you intend to seek a judgment against Defendants in excess of $75,000 at

trial.

**RESPONSE:  Admitted.**

    6. Admit that you expect your total medical bills, when all treatment is complete,

to exceed $75,000.

**RESPONSE:  Admitted.**

                                                  */s/ Derek B. Simms*
                                                 Derek B. Simms (SIM057)
                                                 Attorney for plaintiff

**OF COUNSEL:**
**Simms & Associates**
**608 37th Street South**
**Birmingham, Alabama 35222**
**(205) 453-9700**
**derekbsimms@gmail.com**

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that I have, on this the <u>24th</u> day of February, 2022, electronically filed the foregoing by using the AlaFile system, which will automatically notify the following attorneys of record:

> Aaron G. McLeod
> Robert F. Dyar
> ADAMS AND REESE LLP
> 1901 Sixth Avenue North, Suite 3000
> Birmingham, AL 35203
> aaron.mcleod@arlaw.com
> robert.dyar@arlaw.com

> */s/ Derek B. Simms*
> Derek B. Simms

Exhibit 7

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

| | | |
|---|---|---|
| Kyle Laney, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 68-CV-2021-900597 |
| | § | |
| Godfrey Anthony Macias, and Wood | § | |
| Environment & Infrastructure | § | |
| Solutions, Inc., and Fictitious Parties | § | |
| A-Z, | § | |
| | § | |
| Defendants | § | |

## Godfrey Anthony Macias' Answers to Plaintiff's Interrogatories

Defendant Godfrey Anthony Macias ("Defendant" or "Macias") answers Plaintiff's interrogatories as follows, reserving the right to amend or supplement these answers as may become necessary:

1. Please state your name, age, residence address, date of birth, and social security number.

**ANSWER:**

- **Name: Godfrey Anthony Macias**
- **Age: 79 years old.**
- **Residence Address: 10107 Mesita Drive, Dallas, TX 75217**
- **Date of Birth: 11/08/1942**
- **Social Security Number: XXX-XX-5663**

2. Please state the name and address of each person occupying the vehicle you were driving at the time of the accident made the basis of this lawsuit stating

1

specifically how and in what manner each said person was located in or on your vehicle at said time.

**ANSWER: I was the only person occupying the vehicle I was driving at the time of the accident.**

3.   Please describe fully the trip you were making at the time of the accident made the basis of this lawsuit, including a description of the departure point and the destination and the purpose of said trip.

**ANSWER: I was working that day at the Applied Technical Services facility located at 325 Industrial Park Drive, Woodstock, Alabama. I left the facility to seek medical attention because I was not feeling well. I have no memory of what took place from the time I left the facility until the time of the collision.**

4.   Please describe with as much detail as possible how the accident made the basis of this lawsuit occurred.

**ANSWER: I have no memory of how the accident occurred.**

5.   Have you or anyone on your behalf made any statements to the plaintiff to this lawsuit or engaged in any conversations with said plaintiff?  If so, please describe each of said statements or conversations in detail.

**ANSWER: No, none that I recall.**

6.   Please state the name, address and telephone number of each person known to you to have witnessed the incident made the basis of this lawsuit and/or any person who has or may have knowledge concerning the issues involved in this lawsuit or any portion thereof.  For each person you identify, please describe the knowledge you believe each such person possesses.

**ANSWER: The only witnesses to the accident that I recall are Mr. Laney and the passenger of his vehicle.**

7.   Please state the name of the registered owner of the vehicle you were driving at the time of the accident and your relationship to said owner, if any.

2

**ANSWER: To my knowledge, the vehicle was leased by my employer, Wood Environment & Infrastructure Solutions. I do not know the owner of the vehicle.**

8.  If you have worn any vision correction devices of any type, including, but not limited to, glasses or contact lenses, at any point during the past five (5) years, for each such device, please state:

    a.  the type of said device;

    b.  when you started wearing said device and, if applicable, when you stopped wearing said device;

    c.  whether you were wearing said device at the time of the accident that is the basis of this lawsuit;

    d.  the name and address of the optometrist who prescribed said device; and

    e.  the date of your last eye exam with said optometrist.

**ANSWER: Yes.**

**a.  Prescription glasses.**

**b.  I began wearing glasses approximately 20 years ago or more.**

**c.  Yes, I was wearing my glasses at the time of the accident.**

**d.  I do not recall the name of my optometrist. To the best of my recollection, my last eye exam before the accident was at Pearle Vision in Dallas, Texas.**

**e.  I do not recall the exact date of my last eye exam. To the best of my recollection, it was within a year before the accident.**

9.  Did you have any wireless communication devices of any type, including, but not limited to, wireless telephones or walkie talkies, with you at the time of the accident made the basis of this lawsuit?  If so, for each such device, please state:

    a.  the type of said device;

b.      whether you were operating or using said device, which includes, but is not limited to, talking into said device, listening to transmissions from said device, and pressing buttons on said device, at the time of said incident;

c.      if applicable, the name of your wireless service provider for said device at the time of said incident; and

d.      if applicable, your wireless telephone number and account number for said device at the time of said incident.

**ANSWER: Yes.**

**a.  I had a personal cell-phone and company cell-phone with me at the time of the accident, which were both iPhones.**

**b.  No.**

**c.  At the time of the accident, the service provider for my personal cell-phone was Sprint and the service provider for my company cell-phone was AT&T.**

**d.  The number for my personal phone is 214-395-0422. The number for my company phone at the time of the accident was 214-415-2470.**

10.     Please identify each and every crime of which you have been convicted during the past ten (10) years, including the name of the court in which the case was pending and date you were convicted.

**ANSWER: None.**

11.     Did any medications, drugs or alcohol enter your body through any means, including, but not limited to, digestively and intravenously, within forty-eight (48) hours prior to the incident made the basis of this lawsuit?  If so, for each such substance that entered your body, please state:

a.      the name of said substance;

4

b.      if said substance is a medication or drug, whether or not you had a prescription for said substance at the time of said incident and, if so, who prescribed to you said substance.

c.      if said substance is alcohol, each type of alcoholic beverage consumed, the amount of each said types of beverages you consumed and when you consumed each said beverage in relation to said incident.

**ANSWER: None.**


12.      Have you ever been committed to any public or private institutions for the purpose of treatment or observation of mental conditions, alcoholism, narcotic addition(s) or any other classification of disorders/conditions?  If so, for each such institution, please state:

a.      the name and address of said institution;

b.      the date(s) of admission(s) and discharge(s);

c.      the reason for your admission into said institution; and

d.      the name and address of any physician who treated you during your commitment(s) to said institution.

**ANSWER: No.**

13.      State the name and address of any person or party that served, sold, furnished or provided you with alcohol or alcoholic beverages within twenty-four (24) hours prior to the accident made the basis of this suit.

**ANSWER: None.**

14.      State whether you have been involved in any traffic accidents or received any traffic citations within the past ten (10) years.  If your answer is in the affirmative, for each such accident and citation, please state:

a.      the date of said accident or citation;

b.      if applicable, any offenses of which you were charged; and

5

    c.     if applicable, any offenses of which you were convicted and the fine or penalty levied for each said offense.

**ANSWER: None that I recall.**

15.    Did you suffer any property damage or bodily injury in the incident that forms the basis of this lawsuit?  If so, please describe in detail the extent of said damages and/or injuries.

**ANSWER: No, I did not suffer any bodily injuries in the accident. The truck I was driving, which was leased by my employer, was damaged on the front and determined to be totaled.**

16.    Give the name and address of each person from whom you, or anyone on your behalf, has obtained a statement, either oral or in writing, concerning the facts surrounding the incident that forms the basis of this suit.

**ANSWER: Defendant objects to this interrogatory to the extent it seeks information protected by attorney-client privilege or the work product doctrine. Subject to and without waiving such objections, none that I am aware of.**

17.    Please state whether you expect to call any expert witnesses at the trial of this case and, if so, for each such witness, please state:

    a.     the name and address of said witness;

    b.     the education, experience and qualifications of said witness;

    c.     the subject matter upon which you expect said witness to testify;

    d.     the substance of the facts and opinions to which you expect said witness to testify; and

    e.     a summary of the grounds for each of said opinions.

**ANSWER:  Defendant objects to this request as premature because he has not yet had a reasonable opportunity to determine whether he will call any expert to testify at the trial of this case. Defendant further objects to the extent such response seeks to invade attorney-client privilege or attorney work-product protections.**

6

**Defendant will meet his obligations under the Alabama Rules of Civil Procedure and any court order regarding the disclosure of expert witness information.**

18.     Please state the name and address of each person you expect to call as a witness at the trial of this case.

**ANSWER: Defendant objects to this request as premature because he has not yet had a reasonable opportunity to determine what witnesses he may call to testify at the trial of this case. Defendant further objects to the extent such response seeks to invade attorney-client privilege or attorney work-product protections. Defendant will meet his obligations under the Alabama Rules of Civil Procedure and any court order regarding the disclosure of witness information.**

19.     Please state whether it is your contention that plaintiff caused or contributed to the incident that forms the basis of this lawsuit and, if so, please describe in detail said contention.

**ANSWER: Not to my knowledge.**

**Defendant reserves the right to amend this response based on information learned in discovery.**

20.     If you are aware of any statement made by the plaintiff or anyone on her behalf that you allege constitute an admission in regards to any aspect of this suit, for each such statement, please state:

a.     who made said statement;

b.     the substance of said statement;

c.     how you became aware of said statement;

d.     if said statement was oral, the name and address of each person you believe was able to hear said statement or was in reasonable earshot thereof and where said statement was made.

**ANSWER: No, not that I recall.**

21.    Have you ever filed a protection under Chapter 7 or Chapter 11 of the *Bankruptcy Code*? If so, please provide the style of the case, including case number and the jurisdiction of the court.

**ANSWER: No.**

22.    Please describe the condition of the tires on the vehicle you were driving at the time of the accident with specific respect to the depth of the tread.

**ANSWER: To the best of my recollection, the tires on the vehicle I was driving at the time of the accident were in good shape and had no issues with the depth of the tread.**

23.    Have you ever been licensed to drive in Alabama? If so, was your driver's license in force on the date of the accident? If no, state the reason your license was not in force?

**ANSWER: No.**

24.    There is no interrogatory numbered 24.

25.    Do you understand that your answers to these interrogatories are given under oath and may be used against you at the trial of the cause?

**ANSWER: Yes.**

# VERIFICATION

STATE OF ( TEXAS )

COUNTY OF ( DALLAS )

Personally appeared before the undersigned authority, duly authorized to administer oaths in the state and county aforesaid, **Godfrey Anthony Macias,** who after being duly sworn, deposes and states under oath as follows:

1.  The facts contained in the foregoing Responses to Interrogatories have been compiled by him based upon having made reasonable inquiry into available records.

2.  The responses set forth therein, subject to inadvertent or undisclosed error, are based on and therefore are necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of preparation of these responses

3.  That consequently, he reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information becomes available, and subject to the limitations set forth herein, the responses are true and correct to the best of his knowledge, information, and belief.

**GODFREY ANTHONY MACIAS**

SWORN TO AND SUBSCRIBED before me on this 9 day of February 2022.

MARIBEL SALAZAR

Notary Public

My Commission Expires: 10/01/2022

MARIBEL SALAZAR
Notary Public
STATE OF TEXAS
ID#128400942
My Comm. Exp. Oct. 1, 2022

9

Objections respectfully submitted by,

*/s/ Robert F. Dyar*
Aaron G. McLeod
Robert F. Dyar
*Counsel for Godfrey Anthony Macias and Wood Environment & Infrastructure Solutions, Inc.*

**OF COUNSEL:**
ADAMS AND REESE LLP
1901 Sixth Avenue North, Suite 3000
Birmingham, AL 35203
Telephone: (205) 250-5000
aaron.mcleod@arlaw.com
robert.dyar@arlaw.com

10

# CERTIFICATE OF SERVICE

I hereby certify that I have, on this the 10th day of February 2022, electronically filed the foregoing by using the AlaFile system, which will automatically notify the following attorneys of record:

Derek B. Simms
SIMMS & ASSOCIATES
608 37th Street South
Birmingham, Alabama 35222
*Counsel for Plaintiff*

/s/ *Robert F. Dyar*
OF COUNSEL

11

Exhibit  8

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **Kyle Laney,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | **Civil Action No.** _____ |
| **Godfrey Anthony Macias, and Wood** | § | |
| **Environment & Infrastructure** | § | |
| **Solutions, Inc., and Fictitious Parties** | § | |
| **A-Z,** | § | |
| | § | |
| Defendants | § | |

---

## DECLARATION ON BEHALF OF
## WOOD ENVIRONMENT & INFRASTRUCTURE SOLUTIONS, INC.

---

Declarant herein states and deposes as follows:

1.     My name is **Brad Knight** and I am over 19 years of age.

2.     I have personal knowledge of the matters set forth herein through my experience and position as VP Legal for Wood Environment & Infrastructure Solutions, Inc. and make this declaration on behalf of Wood Environment & Infrastructure Solutions, Inc. in relation to the above-captioned case.

3.     Wood Environment & Infrastructure Solutions, Inc. is a corporation incorporated in the state of Nevada and which has its headquarters and principal place of business located at 1075 Big Shanty Road NW, Suite 100, Kennesaw, Georgia.

4.      Wood Environment & Infrastructure Solutions, Inc. was not at the time of the filing of this action, and still is not, organized under the laws of the state of Alabama.

5.      Although Wood Environment & Infrastructure Solutions, Inc. has offices in Alabama, it did not at the time of the filing of this action, and still does not, have its principal place of business in the state of Alabama.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this  18  day of March, 2022.


**On behalf of Wood Environment & Infrastructure Solutions, Inc.,**

_____

**BRAD KNIGHT**
VP Legal

2